IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN E. THALASINOS ) | |
| ) | |
|     *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-01862-EGS |
| ) | |
| SECRETARY OF THE ARMY, ) | |
| ) | |
|     *Defendant.* ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
<u>WHICH ARE NOT IN GENUINE DISPUTE</u>**

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. Plaintiff was appointed as a Reserve Commissioned Officer of the Army on November 28, 1984. Administrative Record (Hereinafter cited as AR) 17, 66.

2. Plaintiff was ordered to active duty for training ("ADT") with a report date of July 19, 1998. AR 32.

3. While on ADT, on July 29, 1998 he was apprehended by the Main Exchange Security personal at Fort Huachuca, Arizona. AR 88.

4. When faced with a charge of larceny, Plaintiff chose to proceed pursuant to Article 15 of the Uniform Code of Military Justice and to not demand a trial by court-martial. AR 89.

5. Major General Thomas conducted the Article 15 proceedings and was convinced beyond a reasonable doubt that Plaintiff committed larceny on July 29, 1998. AR 88.

6. MG Thomas issued Plaintiff a General Officer Memorandum of Reprimand on August 7,

1998 as a punitive measure under Article 15, Uniform Code of Military Justice.  AR 88-89.

7.  Plaintiff did not appeal the finding by Major General Thomas that Plaintiff was guilty of larceny.  AR 89.

8. On August 11, 1998, Brigadier General Dilallo issued Plaintiff an administrative letter of reprimand under the provisions of Army Regulation 600-37 and not as punishment under Article 15 of the Uniform Code of Military Justice.  AR 138.

9.  On October 16, 1998, Plaintiff submitted his unqualified resignation.  AR 20.

10.  In his letter dated October 24, 1998, Plaintiff stated he submitted his unqualified resignation because he recognized that his "actions were not in keeping with Army tradition."  AR 49.

11.  On August 3, 1999, MG Collins appointed a board of officers pursuant to Army Regulations 135-175 and 15-6 to consider the involuntary separation of Plaintiff.  AR 102-105.

12.  On August 3, 1999, MG Collins appointed Colonel McCarthy as the President of Administrative Separation Board.  AR 104.

13.  The Board of Officers considered Plaintiff's case and adjourned on October 2, 1999.  AR 257.

14.  On November 7, 1999, Major General Collins recommended approval for the separation of Major Thalasinos.  AR 249.

15.  Plaintiff was discharged with an effective date of January 13, 2000.  AR 201.

16.  On June 23, 2000, Plaintiff applied for the correction of his military record and requested that he be immediately reinstated and his General Discharge be vacated, or in the alternative his discharge be upgraded to Honorable.  AR 204.

17.  On May 4, 2001, after a vote of 3 to 2, AR 245, the Army Discharge Review Board

("ADRB") sent a letter to Plaintiff explaining that his discharge was being upgraded, as requested, from a General to an Honorable. AR 238.

18. On May 9, 2001, Mr. Chun, the Director for the Army Board for Correction of Military Records ("ABCMR"), sent a letter to Plaintiff stating that because his alternate request for the Army to upgrade his discharge to an Honorable Discharge was granted by the ADRB, no further correction was being considered. AR 203.

19. On December 11, 2001, the Army Review Boards Agency informed Plaintiff that his records were corrected and a new discharge certificate was provided to him. AR 207.

20. Plaintiff's characterization of discharge was changed to Honorable pursuant to the November 5, 2001 orders. AR 199.

21. Plaintiff applied again to the ABCMR on February 19, 2003 and requested that he be reinstated in the U.S. Army Reserves. AR 76.

22. Many individuals wrote letters on behalf of Plaintiff and recommended that Plaintiff be retained in the Reserves. AR 115-159.

23. On October 17, 2003, the ABCMR informed Plaintiff that his application was denied on October 9, 2003. AR 196.

24. The ABCMR found that the record established that Plaintiff had committed Larceny and that Plaintiff's allegations regarding the conduct of the Board were without merit. AR 74.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

                                              _____/s/_____
                                              RUDOLPH CONTRERAS D.C. Bar No. 434122
                                              Assistant United States Attorney


                                              _____/s/_____
                                              KEVIN K. ROBITAILLE
                                              Special Assistant U.S. Attorney
                                              555 Fourth Street, N.W., 10th Floor
                                              Washington, D.C. 20530
                                              (202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR CHRISTOPHER P. SOUCIE
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
703-696-1626