## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN E. THALASINOS | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-01862-EGS |
| | ) | |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS IN PART AND FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff respectfully submits this memorandum in support of his cross-motion for summary judgment and in opposition to Defendant's motion to dismiss in part and for summary judgment. Plaintiff demonstrates below that he has stated claims upon which relief may be granted, there is no genuine dispute as to any material fact, and the application of the law to the facts requires the entry of judgment in his favor. Plaintiff respectfully requests that oral argument be granted in this case.

This case involves the involuntary separation of an outstanding Army reserve officer. The case illustrates the disastrous consequences that may befall a military officer where the Army fails to understand and adhere to federal statute and its own regulations, in violation of the officer's rights to due process of law under the Fifth Amendment to the U.S. Constitution. The primary regulations applicable to this action, Army Regulation ("AR") 15-6 and AR 135-175, create procedural rights that help ensure that officers are not maliciously or otherwise wrongly involuntarily separated. They

failed to protect Plaintiff in this case not because the law is inadequate, but because the Army failed to respect the law.

Plaintiff then sought to correct his records and remedy the injustices inflicted upon him by the Army by applying to the Army Board for the Correction of Military Records ("ABCMR"). The ABCMR, however, failed to consider the majority of Plaintiff's claims of error and injustice, and ignored the considerable evidence Plaintiff submitted with his application. In a decision that fails to individually address many of Plaintiff's contentions, and fails to address others at all, the ABCMR denied Plaintiff the relief he requested.

The arguments presented below demonstrate that Plaintiff more than satisfied the preponderance of evidence standard required by the ABCMR to demonstrate the existence of error and injustice warranting the correction of his records. The ABCMR's decision was arbitrary, capricious, not supported by substantial evidence, and contrary to law. This Court should grant Plaintiff's cross-motion for summary judgment and deny Defendant's motion to dismiss in part, and for summary judgment.

## STATEMENT OF FACTS

On November 28, 1984, Plaintiff received his commission as an officer in the U.S. Army. Admin. Rec. at 46. In 1986, Plaintiff completed the Judge Advocate General ("JAG") Officer Basic Course; in 1989, he completed the JAG Officer Advanced Course; in 1993, he completed the Command and General Staff College course. Admin. Rec. at 9. Plaintiff performed exceptionally well in the Army Reserve. He was awarded two Army Commendation Medals, two Army Achievement Medals, three Army Reserve Components Achievements Medals, the National Defense Service Medal, two Armed Forces Reserve Medals and six overseas training ribbons. Admin. Rec. at 94, 165, 170-71. Throughout his career, Plaintiff received outstanding Officer

2

Evaluation Reports, citing his mission-first attitude and the effortless, efficient manner in which he performed his responsibilities. Admin. Rec. at 22-43, 70-71, 94-96, 176-95.

At the time of the incident giving rise to this claim, Plaintiff was on annual training attending the residential phase of the Military Intelligence course at Fort Huachuca, Arizona. Admin. Rec. at 77. On July 29, 1998, Plaintiff and his classmates were eating lunch when, during their discussions and in the spirit of camaraderie, it was decided that a small token trophy was necessary in order to back up the good-natured gamesmanship. Admin. Rec. at 78. Plaintiff decided that his trophy would be a small pocketknife, similar to the one he had purchased earlier at the Ft. Huachuca Post Exchange; he intended to use this ruse as his trophy claim. Admin. Rec. at 78. Plaintiff entered the Post Exchange, a few feet from the indoor mall concession area where he and his classmates were lunching, walked by the knife display in the Post Exchange, removed a knife from the shelf, and attempted to display it to his classmates who were outside the exchange. Admin. Rec. at 48, 78. Plaintiff placed the knife in his pocket. Admin. Rec. at 78. Plaintiff did not leave the premises with the knife. Admin. Rec. at 78. A store security officer detained the Plaintiff and escorted him to the security office. Admin. Rec. at 71, 231. After being transported to the Military Police station, Plaintiff was released on his own recognizance. Admin. Rec. at 71, 231.

On August 7, 1998, Plaintiff received nonjudicial punishment under Article 15, Uniform Code of Military Justice ("UCMJ"), from MG John D. Thomas, Jr., Commanding General (Regular Army), Fort Huachuca, for attempting to steal a knife from the Fort Huachuca Post Exchange. Admin. Rec. at 229. MG Thomas directed that the Plaintiff receive a Memorandum of Reprimand ("MOR") and that it be placed in the restricted, as opposed to performance, portion of his Official Military Personnel File ("OMPF"), so that Plaintiff could continue his military career. Admin. Rec. at 71, 78-79, 86, 229. On August 11, 1998, BG Gary Dilallo, Deputy Commander (Army Reserve),

3

77th Reserve Support Command ("RSC"), Fort Totten, NY, issued Plaintiff a Letter of Reprimand ("LOR") relating to the same incident, and over Plaintiff's objection, BG Dilallo directed that the LOR be placed in the performance portion of Plaintiff's OMPF. Admin. Rec. at 236. After the incident, the Army Promotion Board listed Plaintiff as being selected for promotion to the rank of LTC. MG Collins, Commanding General, 77th RSC, refused to endorse Plaintiff's promotion and returned the appointment letter to the Board. Admin. Rec. at 8, 85.

On August 3, 1999, after Plaintiff had returned to his Army Reserve unit, MG Collins appointed a Board of Officers ("the Board") pursuant to Army Regulation 135-175 to determine if Plaintiff should be separated from the Army. Admin. Rec. at 232-35. On August 3, 1999, MG Collins appointed Colonel ("COL") Edward W. McCarty, the newly selected 77th RSC Staff Judge Advocate ("SJA"), to serve as both President and Legal Advisor (without vote) of the Board. Admin. Rec. at 232, 235. The other Board members, COL Frank J. Kogel and COL Cristopher, were full-time AGR's at Fort Totten who worked closely with MG Collins. Admin. Rec. at 80, 232, 252.

On August 24, 1999, Plaintiff's attorney requested that COL McCarty recuse himself as President and Legal Advisor to the Board, stating that it would be impossible for him to rule on potentially prejudicial and inadmissible evidence that might be proffered outside the presence of the Board and maintain the required neutrality and impartiality. Admin. Rec. at 108-09. On September 2, 1999, COL McCarty directed that a copy of his N.Y. Judge's Review profile be faxed to Plaintiff's attorney. Admin. Rec. at 82. On September 22, 1999, Plaintiff's counsel submitted to MG Collins a request for the recusal of COL McCarty. Admin. Rec. at 110-11. MG Collins later designated COL McCarty to serve as Board President only. Admin. Rec. at 233, 252, 258.

4

During the Board hearing, Plaintiff sought to introduce evidence challenging the allegation forming the basis of the involuntary separation action. Admin. Rec. at 69, 84, 274. The Board ruled that Plaintiff could not submit the desired evidence or otherwise contest the finding of guilt made by MG Thomas. Admin. Rec. at 69, 84, 274. The Board further ruled that the Article 15 proceeding confirmed Plaintiff's guilt, and Plaintiff therefore would not be allowed to present evidence to the contrary. Admin. Rec. at 69, 84, 92, 274. Plaintiff timely and effectively objected to the Board's rulings. Admin. Rec. at 69, 84, 274.

On November 1, 1999, Plaintiff was assigned to the Army Reserve Control Group (Reinforcement) at St. Louis. Admin. Rec. at 278. On January 13, 2000, the Army Reserve Personnel Component in St. Louis issued orders discharging Plaintiff from the Army Reserve under the provisions of AR 135-175; Plaintiff's discharge was characterized as General, Under Honorable Conditions. Admin. Rec. at 242.

On January 4, 2000 and February 1, 2000, Plaintiff's counsel requested a copy of the summarized record of the Board proceedings and a copy of the tapes of the hearing for the purpose of appealing the Board's decision. Admin. Rec. at 112, 113. The Army Reserve did not provide Plaintiff with the requested materials, and hence they were not available for review by the Army Board for the Correction of Military Records ("ABCMR"). Admin. Rec. at 73, 82-83. Plaintiff was unable to obtain the tapes of the Board hearing from the Army until after almost two years after the ABCMR's final decision on his case, and only after Plaintiff filed Freedom of Information Act and Privacy Act requests and follow-up letters which included the threat of litigation in the case of non-compliance. Admin. Rec. at 73; Complaint at ¶ 46.

On May 2, 2001, the Army Discharge Review Board ("ADRB"), in a majority opinion, granted Plaintiff's request to upgrade his discharge characterization to Honorable. Admin. Rec. at

5

244-46. On May 2, 2001, the ADRB concluded that Plaintiff's discharge was proper, and in a unanimous decision determined that the specified reason for discharge should not be changed. Admin. Rec. at 244-46. The ADRB noted that evidence indicated that on October 2, 1999, a Board of Officers met and recommended that the applicant be discharged with the issuance of a general discharge characterization, and that on November 7, 1999, the Commander, 77th RSC, recommended the approval of the Board proceedings. Admin. Rec. at 242.

On February 19, 2003, Plaintiff submitted an application for the correction of records to the ABCMR. Admin. Rec. at 76. In his application, Plaintiff cited as error: (1) COL McCarty's dual participation as Board president and legal advisor; (2) COL McCarty's correspondence to defense counsel Bergrin prior to the Board hearing; (3) the legal office that conducted the legal review of the Board action included the Recorder and Board President/Legal Advisor of the Board; (4) the failure of COL McCarty and MG Collins to provide Plaintiff and his counsel the summarized recording of proceedings or the tape recording of the hearing; and (5) the Board's refusal to allow Plaintiff to present evidence regarding the alleged misconduct. Admin. Rec. at 76, 80-84.

On October 17, 2003, the ABCMR informed the Plaintiff that it denied his application. Admin. Rec. at 66. In its Memorandum of Consideration, the ABCMR noted that the proceedings of the Board "are not available." Admin. Rec. at 74. In its Memorandum of Consideration, the ABCMR addressed, together rather than independently, Plaintiff's contentions of partiality, bias, and professional conduct violations, dismissing each as having "no basis in fact." Admin. Rec. at 74. In its Memorandum of Consideration, the ABCMR found that Plaintiff's nonjudicial proceedings established his guilt, but did not address Plaintiff's complaint that the doctrine of res judicata was unlawfully applied by the Board thereby collaterally estopping him from providing

6

facts or arguments regarding the incident at the heart of the Board proceeding, the alleged larceny. Admin. Rec. at 74-75.

## STANDARDS OF REVIEW

### Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(1)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Sinclair v. Kleindienst*, 711 F.2d 291, 293 (citation omitted). A motion made under Fed. R. Civ. P. 12(b)(6) should be granted only if the plaintiffs can prove no set of facts in support of their claim that would entitle plaintiffs to relief. *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C. Cir. 2000). In evaluating a motion to dismiss, the court must presume that plaintiff's factual allegations are true and draw all reasonable inferences in plaintiff's favor, as well as resolve all factual doubts in favor of the plaintiff. *Calloway v. Brownlee*, 366 F. Supp. 2d 43 (D.D.C. 2005).

### Federal Rule of Civil Procedure Rule 56(c)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), quoting Fed. R. Civ. P. 56 (c). "In our view, the plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning a central element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, at 477 U.S. at 322-323.

7

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), quoting Fed. R. Civ. Proc. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citation omitted).

## APA Standard of Review

The Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, authorizes this Court to review decisions of the ABCMR. "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). "The plaintiff has the burden of satisfying this standard by providing 'cogent and clearly convincing evidence' and must 'overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith.'" *Smith v. Dalton*, 927 F. Supp. 1, 4 (D.D.C. 1996) (citations omitted).    The APA standard of review mandates "that an agency take whatever steps it needs to provide an explanation that will enable the court to evaluate the agency's rationale at the time of decision." *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990). In reviewing decisions of the ABCMR, "the court conducting the review must have sufficient information to determine that the [board's] decisions were proper." *Smith*, 927 F.Supp. at 5.

8

"Therefore, although the agency need not provide an 'extensive exegis' of the rationale underpinning its decisions, it must sufficiently discuss its reasoning so as to allow a court to review its decisions." *Id*. (citations omitted.).

"A court cannot give as much deference to the Board's determination when an agency does not specify the factual or legal grounds for its decision." *Id*. (citations omitted). "Finally, in reviewing an administrative body's decision, the court must examine whether or not the agency has considered all of the evidence before it, and if so, if it has stated why evidence contrary to the final decision was 'disregarded or given less weight.'" *Id*. (citation omitted). "A reviewing court 'may not supply a reasoned basis for the agency's decision that the agency itself has not given.'" *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1406 (D.C. Cir. 1995) (quoting *Motor Vehicle Mfrs Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

## ARGUMENT

I.    **DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.**

Defendant asserts that any challenge to the Board should be dismissed for lack of subject matter jurisdiction because the applicable six year statute of limitations commenced to run at the time that the final decision of the Board was complete and approved on November 7, 1999. Defendant's position, however, completely misconstrues Plaintiff's claims for relief as set forth in his Complaint.

The decision by the Board was advisory only, and was in no way binding on the Army. It was not until Plaintiff was wrongfully discharged that he suffered the harm that he is complaining of in this matter. The recitation of facts in Plaintiff's Complaint regarding the Board's improper conduct, failure to follow regulations, and denial of Plaintiff's rights to due process, is set forth in

9

order to illustrate that the eventual action taken by Head Quarters Department of the Army, to follow

the Board's recommendation and discharge Plaintiff, was an improper action. The Army's decision

to discharge Plaintiff was based on a recommendation by the Board, a board which had failed to

conduct its proceedings in a fair and impartial manner in accordance with Army regulations.

Moreover, such facts relating to the Board also demonstrate that the ABCMR's decision to uphold

the Army's decision to discharge Plaintiff was arbitrary, capricious, unsupported by substantial

evidence, and contrary to law. As Plaintiff's Complaint details, the ABCMR failed to acknowledge

and analyze the errors in the Board's proceedings which led to its decision to recommend Plaintiff's

discharge, and which recommendation was adopted by Head Quarters Department of the Army.

This suit attacks the Army's wrongful discharge of Plaintiff, and in particular the ABCMR's

decision to uphold that decision. The statute of limitations in a case such as this is six years from

the time of discharge. 28 U.S.C. § 2401(a); *LeBrun v. England*, 212 F. Supp. 2d 5, 11 (D.D.C.

2002). Plaintiff was discharged from the Army on January 13, 2000. The ABCMR issued a final

decision on Plaintiff's application on October 17, 2003. Plaintiff filed his Complaint on September

21, 2005. This court should be hesitant to dismiss a Complaint on statute of limitations "based

solely on the face of the complaint." *Adair v. England*, 183 F.Supp.2d 31, 54 (D.D.C. 2002)

(citations omitted). Moreover, because his Complaint was filed within six years of the date of his

discharge, his claims are not barred by the applicable statute of limitations. *LeBrun*, 212 F. Supp.

2d at 11-12. *See also Walters v. Secretary of Defense*, 725 F.2d 107, 114 (D.C. Cir. 1983).

Therefore, Plaintiff's claims are not barred by the statute of limitations and Defendant's Rule

12(b)(1) motion to dismiss should be denied.

## II.    DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF'S CLAIMS ARE JUSTICIABLE.

10

Defendant asserts that Plaintiff's claim for reinstatement is nonjusticiable. Plaintiff acknowledges that the primary focus of his Complaint in this matter is certainly the reasonableness of the ABCMR decision upholding his discharge. However, even if Plaintiff had not applied to the ABCMR, under the APA he still could have attacked the reasonableness of the underlying decision by the Secretary of the Army to discharge him. 5 U.S.C. §§ 701-706. *See LeBrun*, 212 F. Supp. 2d at 11-12. As explained by this Court, such judicial review of the underlying discharge decision is clearly allowed:

> [J]udicial review of a claim for wrongful discharge is distinct and independent from judicial review of a claim challenging the Correction Board's review of the underlying discharge decision. . . . "[T]hough the factual record in some if not many instances may be similar for both types of claims, the focus of the former is on the action of discharge officials whereas the focus of the latter is on the action of the [Correction] Board."

*LeBrun*, 212 F.Supp.2d at 12 (citations omitted).

Therefore, Plaintiff's claim for reinstatement is justiciable, and Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim should be denied.

## III.   SUMMARY JUDGMENT SHOULD BE DENIED TO DEFENDANT AND GRANTED FOR PLAINTIFF BECAUSE THE RECORD DEMONSTRATES THAT THE ABCMR'S DECISION WAS ARBITRARY, CAPRICIOUS, UNSUPPORTED BY SUBSTANTIAL EVIDENCE, OR CONTRARY TO LAW.

This Court must enter summary judgment against any party that fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). As is detailed below, Defendant has failed to make such a showing. Because the decision of the ABCMR concerning Plaintiff violates 5 U.S.C. § 706(2), this Court should set aside that decision and grant summary judgment in favor of Plaintiff.

11

Defendant asserts that Plaintiff's Complaint fails to identify how the ABCMR's decision was in error. However, Defendant's characterization of Plaintiff's Complaint, as focusing only on the Board's decision and not on the ABCMR's decision, is inaccurate and misleading. Plaintiff's Complaint sufficiently and specifically describes the errors made by the Board in its proceedings that determined that Plaintiff should be involuntarily separated, and further describes how the ABCMR failed to adequately address those same errors which were the subject of his ABCMR application.

In his ABCMR application, Plaintiff cited as error: the Board's refusal to allow Plaintiff to present evidence regarding the alleged misconduct; COL McCarty's dual participation as Board president and legal advisor; COL McCarty's correspondence to defense counsel Bergrin prior to the Board hearing; the legal office that conducted the legal review of the Board action included the Recorder and Board President/Legal Advisor of the Board; and the failure of COL McCarty and MG Collins to provide Plaintiff and his counsel the summarized recording of proceedings or the tape recording of the hearing. Admin. Rec. at 76, 80-84.

The ABCMR subsequently denied Plaintiff's application, but the ABCMR's decision was arbitrary, erroneous, and in violation of law in numerous ways. The ABCMR found that the Article 15 nonjudicial proceedings had established that he was guilty of larceny, despite the fact that MG Thomas concluded he had only attempted larceny. Further, the ABCMR failed to even address Plaintiff's complaint that the doctrine of res judicata was unlawfully applied by the Board. The ABCMR stated that there was no evidence to support Plaintiff's arguments about the circumstances of the underlying alleged larceny incident, while ignoring the fact that the Board had estopped him from presenting such evidence. Moreover, the ABCMR addressed together rather than independently Plaintiff's contentions of partiality, bias, and professional conduct violations,

12

summarily dismissing each as having "no basis in fact." Finally, despite acknowledging that the "involuntary separation board proceedings are not available," the ABCMR concluded that the record was insufficient to sustain Plaintiff's claims and yet failed to address the very reason for that incomplete record – that the Army had refused to provide Plaintiff and his counsel with the summarized recording of proceedings or the tape recording of the hearing. Admin. Rec. at 74-75.

Defendant argues that this Court is limited to review of the ABCMR decision only, implying that the Board's proceedings are somehow irrelevant. However, what Defenant ignores is the fact that Plaintiff's description in his Complaint of the Board's proceedings is crucial to understanding the legal and regulatory errors and denial of due process that occurred in connection with the Board proceedings, and which the ABCMR failed to analyze in a reasonable manner sufficient to satisfy the requirements of the APA, thus violating its duties under 10 U.S.C. § 1552, 32 CFR 581.3(b)(4), and AR 15-185.

Under the APA, this Court must hold unlawful and set aside agency actions, findings, and conclusions found to be in violation of 5 U.S.C. § 706(2), and thus must determine whether the decision of the ABCMR at issue in the case at bar was arbitrary, capricious, an abuse of discretion, contrary to law or regulations, or unsupported by substantial evidence. 5 U.S.C. 706(2). However, such an APA analysis is impossible if the agency in question fails to examine the complete record, fails to even address specific arguments raised by Plaintiff in his application, or fails to explain the rationale for its decision. In other words, the Court must ensure that the ABCMR "examined the relevant data and articulated a satisfactory explanation for its action." *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 54 (D. D.C. 2005) (citations omitted). Yet it is clear from the face of its final decision that the ABCMR failed to do so.

13

**A.    The ABCMR erroneously found that the nonjudicial punishment proceedings concluded that Plaintiff had committed rather than attempted larceny.**

As noted above, the decision by the ABCMR was insufficient under the APA because the ABCMR found that the Article 15 nonjudicial punishment proceedings established that Plaintiff had "committed larceny" and that MG Thomas "clearly believed that the applicant stole a knife." Admin. Rec. at 74. Yet, a brief glance at the record of the Article 15 nonjudicial punishment proceedings reveals that the MG Thomas did not conclude that Plaintiff had committed larceny but rather had merely "attempted to commit the above shoplifting incident" and that he was reprimanded specifically for "attempting to shoplift." Admin. Rec. at 229. Moreover, such conclusion by MG Thomas was inherently consistent with his decision to direct that the MOR he issued to Plaintiff would be placed in the restricted, as opposed to performance, portion of Plaintiff's OMPF, so that Plaintiff could continue his military career. Because the ABCMR's decision was clearly erroneous on this key point, the decision should be set aside by this Court under the APA.

**B.    The ABCMR failed to address the issue of res judicata.**

The ABCMR's decision was further flawed in that it failed to even address Plaintiff's complaint that the doctrine of res judicata was unlawfully applied by the Board. Although the ABCMR need not consider each of Plaintiff's arguments on its merits, if the ABCMR "decides not to address these arguments, it must explain why." *Calloway*, 366 F. Supp. 2d at 55. Yet here the ABCMR failed to address the issue of res judicata, and thus failed to address the substance of Plaintiff's claim. The decision by the BCMR does not "reflect whether it even considered this argument, much less what weight it deserved," thus rendering the decision arbitrary. *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1405 (D.C. Cir. 1995).

14

The Board concluded that the question of whether Plaintiff had committed larceny was a matter of res judicata. Not only was this conclusion by the Board factually incorrect based on MG Thomas's finding that Plaintiff had attempted larceny rather than committed larceny, it was also in clear violation of AR 15-6, ¶¶ 3-6a and 3-6c, and AR 135-175 ¶ 2-27b(9).

Res judicata is a term that means that a matter once judicially decided is finally decided. Blacks's Law Dictionary 1174 (Fifth ed. 1979). By determining that the matter of Plaintiff's alleged guilt for the underlying incident had been judicially determined, the matter was no longer subject to argument or presentation of evidence, and thus Plaintiff was prevented from presenting his personal case without undue interference, in clear violation of AR 135-175 ¶ 2-27b(9).

Moreover, the ABCMR's conclusion that there was no evidence to support Plaintiff's arguments about the circumstances of the underlying alleged larceny incident is likewise a result of the fact that Plaintiff was estopped from presenting his evidence of the incident at the Board proceedings because of the Board's improper res judicata conclusion. The Board's decision in effect operated as an exclusionary rule preventing Plaintiff from presenting reasonably relevant and material evidence, and therefore violated AR 15-6, ¶¶ 3-6a and 3-6c.

Plaintiff's argument on res judicata was hardly frivolous. It involved the Board's violation of the above regulations which were intended to protect Plaintiff's rights to due process in his ability to present evidence in his own behalf, and it went to the heart of the issues involving Plaintiff's request to the ABCMR that he be reinstated. Therefore, the failure by the ABCMR to address this key aspect of Plaintiff's argument is fatal under the APA:

> The District of Columbia Circuit has concluded that the failure of a BCMR to respond to arguments raised by a plaintiff, which do not appear frivolous on their face and could affect the Board's ultimate disposition is arbitrary.

15

*Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (relying upon *Frizelle v. Slater*, 111 F.3d 172, 177

(D.C. Cir. 1997)).  Hence, the Court should set aside the decision by the ABCMR denying Plaintiff's

application.

      **C.**     **The ABCMR addressed together rather than independently Plaintiff's contentions of partiality, bias, and professional conduct violations, summarily dismissing each as having no basis in fact.**

     In his ABCMR application, Plaintiff cited as error COL McCarty's dual participation as

Board president and legal advisor, COL McCarty's ex parte correspondence to defense counsel,and

the fact that the legal office that conducted the legal review of the Board action included the

Recorder and Board President/Legal Advisor of the Board.    The ABCMR conflated these claims into

one brief paragraph and essentially dismissed them with no analysis.

     Challenges for cause relating to the President of the Board and other members were properly

made by Plaintiff and his counsel pursuant to AR 15-6 ¶ 5-7a and ¶ 5-7b.  Yet the record shows that

such challenges were not handled properly by the Board because the President of the Board refused

to entertain such challenges.  Hence the Board failed to comply with the requirements of AR 15-6

¶ 5-7, and especially failed to comply with AR 135-175 ¶ 2-25c(3)(f) whereby each such challenge

is to be decided by the senior <u>unchallenged</u> board member.

     The Army, like the military departments and agencies in general, is bound to follow its own

regulations.  *Frizelle*, 111 F.3d at 177.  Because the decision by the ABCMR denying Plaintiff's

application failed to acknowledge that the Board had violated major requirements of AR 15-6 and

AR 135-175 in conducting its proceedings, the decision by the ABCMR is not in accordance with

law.  The Court should thus find that the ABCMR's decision violates the APA.  5 U.S.C. § 706(2).

      **D.**     **The ABCMR failed to address the Army's failure to provide Plaintiff with a copy of the Board proceedings.**

The ABCMR's decision is also flawed under the APA because it failed to address Plaintiff's claim that the Army had refused to provide Plaintiff and his counsel with the summarized recording of proceedings or the tape recording of the hearing. This omission is particularly disturbing, given that although the ABCMR acknowledged that the "involuntary separation board proceedings are not available," the ABCMR still concluded that Plaintiff had failed to meet his burden because there was insufficient evidence in the record to support his claims. In other words, the ABCMR ruled against Plaintiff on the ground that there was not sufficient evidence in the record to sustain his claims, and yet the key missing evidence stemmed from the missing record of the Board proceedings which Plaintiff had repeatedly requested but was not provided.

Army regulations in this area clearly mandate that a record of the Board's proceedings was to be kept, and that a report of the Board's proceedings was to be made. AR 15-6 ¶¶3-13a, 5-3c; AR 135-175 ¶ 2-35. Moreover, in an involuntary separation case such as this, Army regulations further mandate that Plaintiff was to be given a copy of the report, that he was to have full access to all records relating to the proceedings except where issues of security were involved, and that he was to be given a copy of the proceedings. AR 15-6 ¶ 5-10; AR 135-175 ¶¶ 2-27b(6), 2-27b(8).

Pursuant to the specific terms of AR 135-175 ¶ 2-27, Plaintiff had a right to a copy of the Board proceedings. He and his counsel repeatedly requested such copy so that he could adequately respond to the Board's decision. The Army's refusal to provide such records of the Board proceedings violated his due process rights and severely prejudiced his application to the ABCMR.

As discussed above, despite the fact that the Article 15 nonjudicial punishment proceedings resulted in a finding that Plaintiff had attempted larceny, the Board erroneously interpreted this finding as having found that he committed larceny. Hence the reason that the res judicata ruling by the Board was so problematic. Not only did the Board bind Plaintiff to the Article 15 finding, the

17

Board bound him to a patently incorrect version of that finding. The Board thus prevented Plaintiff from defending himself against the case that originally had been made, and subsequently made up, against him. The Board's failure to follow regulations in its proceedings, and the Army's subsequent failure to comply regulations that mandated that Plaintiff be provided with a copy of such proceedings, violated Plaintiff's rights to due process and resulted in severe prejudice to him both in the original proceedings and in his application to the ABCMR.

Contrary to Defendant's assertion that Plaintiff's claim regarding the missing record is now moot, the fact that the Army failed to provide him with tapes or transcripts of the Board proceedings is actually a critical example of how Plaintiff's due process rights have been violated by the Army, and why the ABCMR's failure to address this issue in its decision was such a fatal error under the APA. Because the Army was required to maintain records of the Board proceedings and provide them to Plaintiff, yet failed to do so, it was grossly arbitrary and capricious for the ABCMR to state that Plaintiff's contentions were not supported by the evidence of record.

The Army is bound to follow its own regulations. *Frizelle*, 111 F.3d at 177. Because the decision by the ABCMR denying Plaintiff's application failed to acknowledge that the Board had violated major requirements of AR 15-6 and AR 135-175 in failing to provide Plaintiff with a record of the Board's proceedings, the decision by the ABCMR is contrary to law. Thus, this Court should find that the ABCMR's decision violates the APA. 5 U.S.C. § 706(2).

**E.    The ABCMR decision should be set aside because it violates the APA.**

Because the ABCMR did not address key aspects of Plaintiff's argument and did not acknowledge that the Army had violated its own regulations during the Board proceedings and with regard to subsequent requests for records of such proceedings, the Court should set aside the decision by the ABCMR denying Plaintiff's application as arbitrary and in violation of the APA.

18

*Calloway*, 366 F. Supp. 2d at 55; *Frizelle*, 111 F.3d at 177. *See also Dickson*, 68 F.3d at 1405. Together, Plaintiff's Complaint and the Administrative Record show that the ABCMR failed to determine the true nature of the injustice alleged by Plaintiff in his application and failed "to take steps to grant thorough and fitting relief." *Yee v. United States*, 512 F.2d 1383, 1387-88 (Ct. Cl. 1975) (citations omitted). Therefore, Defendant's motions should be denied and Plaintiff's granted because the decision of the ABCMR was arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

**CONCLUSION**

The foregoing shows that Plaintiff satisfied his burden of proof before the ABCMR in demonstrating the existence of error and injustice warranting the correction of his records. The ABCMR's decision was arbitrary, capricious, not supported by substantial evidence, and contrary to law. This Court should thus deny Defendant's motions and grant Plaintiff's cross-motion for summary judgment.

Respectfully submitted,

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

August 18, 2006