UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN E. THALASINOS,        )
    Plaintiff                              )
                                               )
    vs.                                       )        Civil Action No. 1:05-01862-EGS
                                               )
SECRETARY OF THE ARMY          )
    Defendant.                           )
_____)

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, IN PART AND FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff, a former Judge Advocate in the United States Army Reserve (USAR), challenges the Army Board for Correction of Military Records' (ABCMR) denial of his application for reinstatement into the USAR. Compl. p. 13-14; Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion to Dismiss in Part and for Summary Judgment (Pl. Opp'n) p. 11. Plaintiff also challenges the underlying discharge based on alleged errors in the Board of Inquiry, which found that Plaintiff had committed larceny and recommended that he be separated from the USAR. Pl. Opp'n p. 11; AR 254. As more than six years had elapsed between the allegedly erroneous Board of Inquiry and the filing of Plaintiff's complaint, Plaintiff's challenge to the Board of Inquiry is barred by the statute of limitations. Additionally, the underlying Board of Inquiry finding regarding Mr. Thalasinos' misconduct and its recommendations are non-justiciable military decisions. Accordingly, the Court's review is limited to whether the ABCMR's decision is arbitrary, capricious, or contrary to law. Granting Defendant's summary judgment motion is warranted

because the ABCMR did not act arbitrarily, capriciously, or in violation of law in denying plaintiff's application for relief.  Accordingly, Defendant's motion should be granted and Plaintiff's cross-motion denied.

## ARGUMENT

**I.     The Court lacks jurisdiction over Plaintiff's challenge to the underlying Board of Inquiry because it is barred by the Statute of Limitations.**

As stated in Defendant's opening memorandum, every civil action commenced against the United States is barred unless the complaint is filed within six years after the right of action first accrues.  28 U.S.C. § 2401(a) (2005).   Under the "injury discovery rule," the statute of limitations does not begin to run until the plaintiff discovers (or should have discovered) both the injury and pattern of the activity.  Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002) (citing Rotella v. Wood, 528 U.S. 549, 553 (2000)).  As Plaintiff noted, filing for review of an application to the ABCMR is "distinct and independent" from a challenge to an underlying discharge.  Pl. Opp'n, at 11 (citing LeBrun v. England, 212 F. Supp. 2d. 5, at 12 (D.D.C 2002).  Plaintiff's application for administrative review should not "subject [the limitations period] to indefinite renewal."  Nihiser, 211 F. Supp. 2d at 129.  In Nihiser, in a May 29, 1992 letter, a reduction in force board advised an Army officer of the board's recommendation that the officer be involuntarily separated, effective January 1, 1993.  Id. at 129.  The court noted that the statute of limitations began to run on the date the plaintiff was made aware of the board's recommendation, not the date of discharge.  Id.  ("To timely challenge that action, he would have to file suit no later than May 29, 1998.").  Accordingly, the statute of limitations began to run when Mr. Thalasinos discovered the injury on November 7, 1999, when the allegedly erroneous

Board of Inquiry final decision was made and approved. AR 249, 255.

Plaintiff argues the Board of Inquiry was "advisory only" and that it was not until he was discharged that he "suffered the harm that he is complaining of in this matter." Pl. Opp'n, p. 9. However, in Nihiser, the reduction in force board that triggered the running of the statute of limitations was also "advisory only." Nihiser, 211 F. Supp. 2d at 126, 129 ("The mission of the Board was to . . . 'make appropriate recommendations for retention to the Secretary.'") (citation omitted.) Although Plaintiff now argues that the discharge was the "improper action," the alleged errors cited by Plaintiff all relate to the Board of Inquiry, not the manner in which the Secretary of the Army decided to follow the recommendations. Pl. Opp'n, at 9-10. Plaintiff also specifically requests the Court to set aside the finding and recommendation of the Board of Inquiry. Id. p. 13. Accordingly, as in Nihiser, the statute of limitations runs from the final action of the Board of Inquiry.[1] 211 F. Supp. 2d at 129.

Plaintiff relies on LeBrun v. England to argue that the statue of limitations runs from the time of discharge.[2] 212 F. Supp. at 11. LeBrun involved the alleged coerced resignation of a United States Naval Academy midshipman in 1966, who petitioned the Board for Correction of

---

[1] The administrative record with regard to plaintiff's challenge of the Board of Inquiry was also finalized on November 7, 1999. AR 249, 255. "[T]he statute of limitations should begin to run when the administrative record is complete." LeBrun v. England, 212 F. Supp. at 21.

[2] Plaintiff also relies on Walters v. Sec'y of Defense, 725 F.2d 107 (D.C. Cir. 1983), which only reviewed an underlying discharge and not an agency's review of the discharge decision. See LeBrun, 212 F. Supp. at 18, n.11. Walters did not decide whether the statute of limitations could have been tolled if a plaintiff sought and received a final decision from a discharge review board. 725 F.2d at 115. The Circuit Court only held "that when no intervening action has *actually* been taken by plaintiff, the mere availability of administrative relief does not affect the operation of the section 2401(a) statute of limitations." Id. (emphasis in original).

Naval Records (BCNR) in 1993 for relief. Id. at 15. In LeBrun, the issue was whether the right to obtain judicial review of a board of corrections' decision "accrues at the time of the final agency decision, or the exhaustion of all administrative remedies, rather than at the time when the underlying discharge or coerced resignation occurred." Id. at 18 (citations omitted). LeBrun is distinguishable from the present case, in that LeBrun was only a challenge to an agency's review of the discharge decision, not a challenge to the underlying discharge. Id. at 19. The court noted, "[b]y obtaining judicial review of a Correction Board decision, a veteran therefore does not circumvent the statute of limitations for directly challenging the discharge itself in a judicial proceeding, but instead secures review of a separate claim for review of the agency action." Id. at 20 (citations omitted). The statute of limitation for Mr. Thalasinos' challenge to the ABCMR decision runs from the time of the ABCMR's decision, (Id.) but the statute of limitations for Mr. Thalasinos' challenge to the underlying Board of Inquiry runs from the date of the final recommendation. Nihiser, 211 F. Supp. 2d at 129. Accordingly, plaintiff's challenge to the underlying Board of Inquiry is barred by the statute of limitations. Id.

## II.     The Court does not have jurisdiction to grant Plaintiff's challenge to the underlying Board of Inquiry because it is a non-justiciable military decision

Plaintiff fails to state a claim upon which relief can be granted when he requests to be reinstated. Pl. Opp'n p. 14. Plaintiff's request that this Court order his reinstatement deals directly with the composition of the force and therefore should be avoided. Goldman v. Weinberger, 475 U.S. 503 (1986). Although the review of "the reasonableness" of a military board of correction decision is justiciable, review of the correctness of a military decision itself is not. Piersal v. Winter, 435 F.3d 319, 322 (D.C. Cir. 2006) (quoting Kreis v. Sec'y of the Air

Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989).

Plaintiff again relies on LeBrun as support for his argument that his request for reinstatement is justiciable. Pl. Opp'n p. 11. As noted above, the court in LeBrun states that judicial review of a wrongful discharge claim is distinct from judicial review of a military correction board determination involving a discharge. 212 F. Supp. 2d at 12. However, LeBrun does not address whether the challenge to the underlying discharge is justiciable. In fact, the court granted the Navy's motion for summary judgment with regard to the BCNR review, without addressing any challenge to the underlying discharge. Id. at 5.

Decisions of Federal Military officials may be non-justiciable under the Feres doctrine which:

> forecloses damages actions by service members against the government for injuries occurring "incident to service" in the military. "The special nature of military life -- the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel -- would be undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command." Chappell v. Wallace, 462 U.S. 296, 304, 76 L. Ed. 2d 586, 103 S. Ct. 2362 (1983).

Brannum v. Lake, 311 F.3d 1127, 1129-1130 (D.C. Cir. 2002). While the Court in Brannum noted that "at least some equitable claims relating to military service are not barred by the Feres doctrine," the Court also held that non-jurisdictional challenges to Military disciplinary actions, in that case non-judicial punishment under Article 15, are non-justiciable. Id. at 1131. The Brannum Court based its holding on Schlesinger v. Councilman, 420 U.S. 738 (1975), and noted that this doctrine "long antedates Feres and, although reflecting similar sensitivity to the special requirements of the military, does not depend on Feres." Brannum at 1131. A request to reinstate a soldier discharged for misconduct deals directly with the composition of the force and the

ability of military commanders to discipline subordinates. As such, it is non-justiciable under either Feres or Schlesinger.

### III. Summary judgment should be granted to Defendant and denied to Plaintiff, as the ABCMR's decision was not arbitrary, capricious, or contrary to law

As noted in Defendant's opening memorandum, only the most egregious agency decisions fail to satisfy the deferential standard of review regarding the review of military correction board decisions. Kreis, 866 F.2d at 1515. Plaintiff's argument of alleged error by the ABCMR fails to overcome the "unusually deferential application of the arbitrary or capricious standard of the [Administrative Procedure Act]." Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002) (quoted in Lebrun, 212 F. Supp. 2d at 14.)

### A.    The ABCMR was correct in finding that Plaintiff had been found guilty of larceny

Plaintiff first argues "[t]he ABCMR found that the Article 15 nonjudicial proceedings had established that [Mr. Thalasinos] was guilty of larceny, despite the fact that [Major General] Thomas concluded he had only attempted larceny." Pl. Opp'n, p. 12. This assertion is false, as Major General Thomas clearly found Mr. Thalasinos guilty of larceny, not attempted larceny. AR 228. The Record of Proceedings under Article 15, Uniform Code of Military Justice (UCMJ) regarding Plaintiff, states:

> I am considering whether you should be punished under Article 15, UCMJ, for the following misconduct: In that you, did, at Fort Huachuca, Arizona, on or about 29 July 1998, steal a Spyderco knife, of a value of $34.95, the property of the Fort Huachuca Main Exchange. This is a violation of Article 121, UCMJ.

Id. (Block 1). Article 121 of the UCMJ is entitled "Larceny and wrongful appropriation." 10

U.S.C. § 921 (2005).³ The crime of "attempted larceny" would be charged as a violation of Article 80, UCMJ.⁴ See 10 U.S.C. § 880 (2005) (entitled "Article 80. Attempts."). After having found Mr. Thalasinos guilty of violating Article 121, "Larceny and wrongful appropriation," Major General Thomas directed that Mr. Thalasinos was "[t]o be reprimanded" as punishment. AR 228 (Block 4, DA Form 2627). The punitive reprimand took the form of a "General Officer Memorandum of Reprimand." AR 229. This memorandum of reprimand stated plaintiff was "reprimanded for attempting to shoplift." Id. It appears that Plaintiff draws his conclusion that "MG Thomas concluded he had only attempted larceny" from the sentence regarding "attempting to shoplift" in the memorandum of reprimand. Pl. Opp'n, p. 12. The memorandum of reprimand is the punishment resulting from the Article 15 proceedings, not the statement of the charged

---

³ The elements of Larceny under Article 121 of the UCMJ are:

(a) That the accused wrongfully, took, obtained, or withheld certain property from the possession of the owner or of any other person;
(b) That the property belonged to a certain person;
(c) That the property was of a certain value, or of some value; and
(d) That the taking, obtaining, or withholding by the accused was with the intent permanently to deprive and defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner.

Manual for Courts-Martial, pt. IV, ¶ 46.b(1).

⁴ The elements of "Attempts" under Article 80 of the UCMJ are:

(a) That the accused did a certain overt act;
(b) That the act was done with a specific intent to commit a certain offense under the code;
(c) That the act amounted to more than mere preparation; and
(d) That the act apparently tended to effect the commission of the intended offense.

Manual for Courts-Martial, pt. IV, ¶ 4.b.

offense, which is contained in the Record of Proceedings Under Article 15, UCMJ.  AR 228.  As noted above, Plaintiff was found guilty of larceny under Article 121, UCMJ, not attempted larceny under Article 180, UCMJ, and certainly not "attempting to shoplift," which is not an enumerated offense under the UCMJ.  AR 228.  As indicated by Plaintiff's signature in block 3, dated August 4, 1998, he was informed that he was charged with larceny under Article 121, UCMJ, when he did not demand a trial by court-martial.  Id.  As further indicated by Plaintiff's signature in block 7, dated August 7, 1998, he was punished with a reprimand for violating Article 121, UCMJ, which he chose not to appeal.  Id.  Accordingly, Plaintiff's assertion of error regarding the ABCMR's finding that the Article 15 nonjudicial proceedings had established that Plaintiff was guilty of larceny is misplaced.

B.      **The ABCMR adequately addressed the issue of res judicata**

Plaintiff's next assertion of error is that "the ABCMR failed to even address Plaintiff's complaint that the doctrine of res judicata was unlawfully applied by the Board."  Pl. Opp'n, p. 14.  Again, Plaintiff's argument is not supported by the facts.  The ABCMR specifically noted Plaintiff's argument regarding res judicata in its memorandum of consideration.  AR 69.  As noted by Plaintiff, the ABCMR is required to "examine[] the relevant data and articlulate[] a satisfactory explanation for its action."  Pl. Opp'n, p. 13 (quoting Calloway v. Brownlee, 366 F. Supp. 2d 43, 54 (D.D.C. 2005) (citations omitted).  The ABCMR clearly examined the "relevant data" regarding Plaintiff's res judicata argument, as the argument is expressly referenced in the memorandum of consideration.  AR 69.  The ABCMR decision also articulated a "satisfactory explanation" for determining the Board of Inquiry properly found that Plaintiff had committed larceny, when the ABCMR commented on the sufficiency of the Article 15 record to establish

that Plaintiff did commit larceny, as determined by the Board of Inquiry. AR 74. The memorandum of consideration also contained a detailed discussion of the appropriateness of nonjudicial proceedings under Article 15, which is relevant to Plaintiff's argument regarding res judicata and Plaintiff's Article 15. AR 73. Although the discussion may not reference the term "res judicata" in the discussion section of the opinion, the ABCMR's discussion of the sufficiency of the evidence that Plaintiff committed larceny provides a "satisfactory explanation of its actions." Calloway, 366 F. Supp. 2d 54.

Plaintiff also argues that the reason there was no evidence to support his arguments that the incident was a harmless prank is "a result of the fact that Plaintiff was estopped from presenting evidence of the incident" to the Board of Inquiry. Pl. Opp'n at 15. Even if Plaintiff had not been allowed to present evidence regarding the incident to the Board of Inquiry, he could have presented that evidence to the ABCMR. The fact that Plaintiff did not present evidence to support his statement to the ABCMR undermines his argument that he was "estopped from presenting evidence of the incident." Accordingly, the ABCMR has examined the relevant data and articulated a satisfactory explanation. Calloway, 366 F. Supp. 2d at 54.

C.  **The ABCMR did adequately address the issue of partiality, bias, and professional conduct violation**

Plaintiff argues that the ABCMR's discussion of Plaintiff's arguments regarding partiality, bias, and professional conduct violations were improperly joined together. Pl. Opp'n, p. 16. Plaintiff cites no authority that requires each argument to be addressed separately. On the contrary, an explanation need not be "a model of analytic precision to survive challenge." Dickson v. Sec'y of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995). The arguments regarding partiality, bias, and professional conduct violations are all related arguments, and were

9

appropriately discussed together by the ABCMR.  AR 74.  Plaintiff had failed to provide evidence to support each of these arguments, which was noted by the ABCMR.[5]  Id.  The ABCMR also properly noted the presumption of regularity with regard to these arguments.  Id.  The three arguments were clearly addressed by the ABCMR, and the explanation provided is sufficient to survive challenge.  Calloway, 366 F. Supp. 2d at 54.

**D.     The ABCMR did adequately address the issue of Board of Inquiry records**

Plaintiff also contends that the ABCMR failed to address "Plaintiff's claim that the Army had refused to provide Plaintiff and his counsel with the summarized recording of proceedings or the tape recording of the hearing."  Pl. Opp'n, p. 17.  As stated in our opening memorandum, Plaintiff has been provided with these materials, making this issue moot.  Compl. at 12, ¶ 96.  Additionally, the ABCMR did specifically note Plaintiff's contention that he had been denied records.  AR 73.   The ABCMR had no authority to grant relief regarding the summarized records.  As noted by the ABCMR, its authority under 10 U.S.C. § 1552 is limited to correcting military records.  AR 62.  The burden of providing evidence lies with the applicant as the ABCMR is not an investigative body.  Calloway, 366 F. Supp. 2d at 53 ("The plaintiff bears the burden of establishing by 'cogent and clearly convincing evidence' that the decision was the result of a material legal error or injustice.") (citation omitted).  The ABCMR's discussion regarding the insufficiency of the evidence offered by Plaintiff is consistent with its authority and the standards of the ABCMR.  AR 73, ¶ 4-5.

Plaintiff could have filed a request for reconsideration with the ABCMR to present any

---

[5]  Plaintiff's contention that challenges for cause relating to the Board of Inquiry were not properly handled conflicts with the administrative record.  AR 261 ("There was no challenge to the board by respondent's counsel or by the government.")

10

new evidence contained in the summarized record of proceedings, but apparently has failed to do so. See Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002) (citing 32 C.F.R. § 581.3(g)(4)).  Plaintiff identified any evidence contained in the record of proceeding that if presented to the ABCMR, may have resulted in a different decision.  In fact, the record of proceedings contains evidence that is consistent with the ABCMR decision.  See, e.g., AR 261 ("There was no challenge to the board by respondent's counsel or by the government.").  Plaintiff has not demonstrated that the ABCMR's determination was arbitrary, capricious, or contrary to law.

## CONCLUSION

Accordingly, defendant's motion to dismiss should be granted, and this action dismissed with prejudice.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s/_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP

Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203