UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN E. THALASINOS,<br>    Plaintiff<br><br>    vs.<br><br>SECRETARY OF THE ARMY<br>    Defendant. | Civil Action No. 1:05-01862-EGS |

**DEFENDANT'S COUNTER-STATEMENT OF FACTS**

In accordance with Local Civil Rule 56.1 of the United States District Court for the District of Columbia, Defendant hereby respectfully submits its counter-statement of facts in response to Plaintiff's statement of material facts which are not in genuine dispute.

1. On November 28,1984, Plaintiff received his commission as an officer in the U.S. Army. Admin. Rec. at 46.

Response: Agree

2. In 1986, Plaintiff completed the Judge Advocate General ("JAG") Officer Basic Course. in 1989, he completed the JAG Officer Advanced Course; in 1993, he completed the Command and General Staff College course. Admin. Rec. at 9.

Response: Agree

3. Plaintiff performed exceptionally well in the Army Reserve. He was awarded two Army Commendation Medals, two Army Achievement Medals, three Army Reserve Components Achievements Medals, the National Defense Service Medal, two Armed Forces Reserve Medals and six overseas training ribbons. Admin. Rec. at 94, 165, 170-71.

Response: Agree with the facts as stated. Whether Plaintiff's performance was "exceptional" is a matter of opinion and is not material. The ABCMR noted that Plaintiff's senior raters considered him above center of mass (above average) on two reports, center of mass (average) on five reports and below center of mass (below average) on three reports. AR 70.

4. Throughout his career, Plaintiff received outstanding Officer Evaluation Reports, citing his mission-first attitude and the effortless, efficient manner in which he performed his responsibilities. Admin. Rec. at 22-43, 70-71, 94-96, 176-95.

Response: The character of Plaintiff's primary service is not material as the ABCMR noted his prior service but concluded that the serious misconduct that Plaintiff engaged in warranted his removal from service.

5. At the time of the incident giving rise to this claim, Plaintiff was on annual training attending the residential phase of the Military Intelligence course at Fort Huachuca, Arizona. Admin. Rec. at 77.

Response: Agree

6. On July 29, 1998, Plaintiff and his classmates were eating lunch when, during their discussions and in the spirit of camaraderie, it was decided that a small token trophy was necessary in order to back up the good-natured gamesmanship. Admin. Rec. at 78.

Response: Plaintiff's motive for committing larceny is not material to the issues before this Court.

7. Plaintiff decided that his trophy would be a small pocketknife, similar to the one he had purchased earlier at the Ft. Huachuca Post Exchange; he intended to use this ruse as his trophy claim. Admin. Rec. at 78.

Response: Plaintiff's motive for committing larceny is not material to the issues before this Court.

8. Plaintiff entered the Post Exchange, a few feet from the indoor mall concession area where he and his classmates were lunching, walked by the knife display in the Post Exchange, removed a knife from the shelf, and attempted to display it to his classmates who were outside the exchange. Admin. Rec. at 48, 78.

Response: Plaintiff's actions just prior to the theft of the knife are not material to the issues before this Court.

9. Plaintiff placed the knife in his pocket. Admin. Rec. at 78.

Response: Agreed.

10. Plaintiff did not leave the premises with the knife. Admin. Rec. at 78.

Response: Agree that Plaintiff was apprehended prior to his departure from the store.

11. A store security officer detained the Plaintiff and escorted him to the security office. Admin. Rec. at 71, 231.

Response: Agreed.

12. After being transported to the Military Police station, Plaintiff was released on his own recognizance. Admin. Rec. at 71, 231.

Response: Agreed.

13. On August 7, 1998, Plaintiff received nonjudicial punishment under Article 15, Uniform Code of Military Justice ("UCMJ"), from MG John D. Thomas, Jr., Commanding General (Regular Army), Fort Huachuca, for attempting to steal a knife from the Fort Huachuca Post Exchange. Admin. Rec. at 229.

Response: Agree that Plaintiff was given an article 15 for larceny and reprimanded for the attempt to steal the knife.

14. MG Thomas directed that the Plaintiff receive a Memorandum of Reprimand ("MOR") and that it be placed in the restricted, as opposed to performance, portion of his Official Military Personnel File ("OMPF"), so that Plaintiff could continue his military career. Admin. Rec. at 71, 78-79, 86, 229.

Response: Agree that MG Thomas elected to file the reprimand in Plaintiff's restricted file. MG Thomas' reasons for doing so are not material to the issues before this Court.

15. On August 11, 1998, BG Gary Dilallo, Deputy Commander (Army Reserve), 77" Reserve Support Command ("RSC"), Fort Totten, NY, issued Plaintiff a Letter of Reprimand ("LOR") for the same conduct, and over Plaintiff's objection, BG Dilallo directed that the LOR he placed in the performance portion of Plaintiff's OMPF. Admin. Rec. at 236.

Response: Agreed.

16. After the incident, the Army Promotion Board listed Plaintiff as being selected for promotion to the rank of LTC. MG Collins, Commanding General, 77th RSC, refused to endorse Plaintiff's promotion and returned the appointment letter to the Board. Admin. Rec. at 8, 85.

Response: Agreed.

17. On August 3, 1999, after Plaintiff had returned to his Army Reserve unit, MG Collins appointed a Board of Officers ("the Board") pursuant to Army Regulation 135-175 to determine if Plaintiff should be separated from the Army. Admin. Rec. at 232-35.

Response: Agreed.

18. On August 3, 1999, MG Collins appointed Colonel ("COL") Edward W. McCarty, the newly selected 77'h RSC Staff Judge Advocate ("SJA"), to serve as both President and Legal Advisor (without vote) of the Board. Admin. Rec. at 232, 235.

Response: Agreed.

19. The other Board members, COL Frank J. Kogel and COL Cristopher, were full-time AGR's at Fort Totten who worked closely with MG Collins. Admin. Rec. at 80, 232, 252.

Response: Agreed.

20. On August 24, 1999, Plaintiff's attorney requested that COL McCarty recuse himself as President and Legal Advisor to the Board, stating that it would be impossible for him to rule on potentially prejudicial and inadmissible evidence that might be proffered outside the presence of the Board and maintain the required neutrality and impartiality. Admin. Rec. at 108-09.

Response: Agree that such a request was made.

21. On September 2, 1999, COL McCarty directed that a copy of his N.Y. Judge's Review profile be faxed to Plaintiff's attorney. Admin. Rec. at 82.

Response: This alleged fact is not material to the issues before this Court.

22. On September 22, 1999, Plaintiff's counsel submitted to MG Collins a request for the recusal of COL McCarty. Admin. Rec. at 110-11.

Response: Agreed

23. MG Collins later designated COL McCarty to serve as Board President only. Admin. Rec. at 233, 252, 258.

Response: Agreed.

24. During the Board hearing, Plaintiff sought to introduce evidence challenging the allegation forming the basis of the involuntary separation action. Admin. Rec. at 69, 84, 274.

Response: Plaintiff's allegation is not material as the ABCMR fully considered the allegation and reasonably determined that the finding of guilt beyond a reasonable doubt during the Article 15 proceeding easily met the preponderance of the evidence standard for the Board.

25. The Board ruled that Plaintiff could not submit the desired evidence or otherwise contest the finding of guilt made by MG Thomas. Admin. Rec. at 69, 84, 274.

Response: Plaintiff's allegation is not material as the ABCMR fully considered the allegation and reasonably determined that the finding of guilt beyond a reasonable doubt during the Article 15 proceeding easily met the preponderance of the evidence standard for the Board.

26. The Board further ruled that the Article 15 proceeding confirmed Plaintiffs guilt, and Plaintiff therefore would not be allowed to present evidence to the contrary. Admin. Rec. at 69, 84, 92,274.

Response: Agree that the Article 15 confirmed Plaintiff's guilt.

27. Plaintiff timely and effectively objected to the Board's rulings. Admin. Rec. at 69, 84, 274.

Response: Plaintiff's allegation is not material as the ABCMR fully considered the allegation and reasonably determined that the finding of guilt beyond a reasonable doubt during the Article 15 proceeding easily met the preponderance of the evidence standard for the Board.

28. On November 1, 1999, Plaintiff was assigned to the Army Reserve Control Group (Reinforcement) at St. Louis. Admin. Rec. at 278.

Response: Agreed.

29. On January 13, 2000, the Army Reserve Personnel Component in St. Louis issued orders discharging Plaintiff from the Army Reserve under the provisions of AR 135-I75; Plaintiff's discharge was characterized as General, Under Honorable Conditions. Admin. Rec. at 242.

Response: Agreed.

30. On January 4, 2000 and February 1, 2000, Plaintiffs counsel requested a copy of the summarized record of the Board proceedings and a copy of the tapes of the hearing for the purpose of appealing the Board's decision. Admin. Rec. at 112, 113.

Response: Agreed.

31. The Army Reserve did not provide Plaintiff with the requested materials, and hence they were not available for review by the Army Board for the Correction of Military Records ("ABCMR"). Admin. Rec. at 73, 82-83.

Response: Plaintiff's allegation as the issue of access to the tapes was both outside the ABCMR's purview and is moot.

32. Plaintiff was unable to obtain the tapes of the Board hearing from the Army until nearly two years after the ABCMR's final decision on his case, and only after Plaintiff filed Freedom of

5

Information Act and Privacy Act requests and follow-up letters which included the threat of litigation in the case of non-compliance. Admin. Rec. at 73; Complaint at 1146.

Response: Plaintiff's allegation as the issue of access to the tapes was both outside the ABCMR's purview and is moot.

33. On May 2, 2001, the Army Discharge Review Board ("ADRB"), in a majority opinion, granted Plaintiff's request to upgrade his discharge characterization to Honorable. Admin. Rec. at 244-46.

Response: Agreed.

34. On May 2, 2001, the ADRB concluded that Plaintiffs discharge was proper, and in a unanimous decision determined that the specified reason for discharge should not be changed. Admin. Rec. at 244-46.

Response: Agreed.

35. The ADRB noted that evidence indicated that on October 2, 1999, a Board of Officers met and recommended that the applicant be discharged with the issuance of a general discharge characterization, and that on November 7, 1999, the Commander, 77'h RSC, recommended the approval of the Board proceedings. Admin. Rec. at 242.

Response: Agreed.

36. On February 19, 2003, Plaintiff submitted an application for the correction of records to the ABCMR. Admin. Rec. at 76.

Response: Agreed.

37. In his application, Plaintiff cited as error: (1) COL McCarty's dual participation as Board president and legal advisor; (2) COL McCarty's correspondence to defense counsel Bergrin prior to the Board hearing; (3) the legal office that conducted the legal review of the Board action included the Recorder and Board President/Legal Advisor of the Board; (4) the failure of COI. McCarty and MG Collins to provide Plaintiff and his counsel the summarized recording of proceedings or the tape recording of the hearing; and (5) the Board's refusal to allow Plaintiff to present evidence regarding the alleged misconduct. Admin. Rec. at 76, 80-84.

Response: Agreed.

38. On October 17, 2003, the ABCMR informed the Plaintiff that it denied his application. Admin. Rec. at 66.

Response: Agreed.

39. In its Memorandum of Consideration, the ABCMR noted that the proceedings of the Board "are not available." Admin. Rec. at 74.

Response: The referenced remark does not appear to be at the cite given, however, the allegation is not material as the ABCMR carefully considered each of Plaintiff's contentions.

40. In its Memorandum of Consideration, the ABCMR addressed, together rather than independently, Plaintiff's contentions of partiality, bias, and professional conduct violations_ dismissing each as having "no basis in fact." Admin. Rec. at 74.

Response: Agreed.

41. In its Memorandum of Consideration, the ABCMR found that Plaintiff's nonjudicial proceedings established his guilt, but did not address Plaintiffs complaint that the doctrine of re, judicata was unlawfully applied by the BOI thereby collaterally estopping him from providing facts or arguments regarding the incident at the heart of the Board proceeding, the alleged larceny. Admin. Rec. at 74-75.

Response: Agree that the ABCMR made such a finding.  The remaining contention is an argument addressed in defendant's Motion to Dismiss and its opposition/reply.

    Respectfully submitted,

    _____/s/_____
    JEFFREY A. TAYLOR, D.C. Bar # 498610
    United States Attorney

    _____/s/_____
    RUDOLPH CONTRERAS D.C. Bar No.  434122
    Assistant United States Attorney

    _____/s/_____
    KEVIN K. ROBITAILLE
    Special Assistant U.S.  Attorney
    555 Fourth Street, N.W.,
    Washington, D.C.  20530
    (202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR JERRETT W. DUNLAP
Office of The Judge Advocate General
Department of the Army
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203