## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JONATHAN E. THALASINOS | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. 1:05-cv-01862-EGS |
| | ) |
| SECRETARY OF THE ARMY, | ) |
| | ) |
| *Defendant*. | ) |

## REPLY IN SUPPORT OF PLAINTIFF'S
## CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff was involuntarily separated from the United States Army Reserve after a hearing by a Board of Officers ("the Board"). Following his discharge, Plaintiff applied for relief to the Army Board of Military Corrections ("ABCMR"), but his application was denied. Plaintiff timely filed this suit within three years of the ABCMR decision and within six years of his discharge. *See* 28 U.S.C. § 2501; 50 U.S.C. App. § 501 et seq.; *Detweiler v. Pena*, 38 F.3d 591 (D.C. Cir. 1994). Plaintiff is now seeking summary judgment. Because the ABCMR decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, Plaintiff's cross-motion for summary judgment should be granted.

## INTRODUCTION

The mission of a board of officers, such as the Board in the case at bar, "convened to determine if officers will be retained in the Army" is to "ensure that all hearings are fair and impartial." Army Reg. 135-175 ¶ 2-22.a. In order to fulfill its mission, the Board was required to follow specific Army regulations, including Army Reg. 135-175 and Army Reg. 15-6. However,

because those regulatory requirements were not followed, Plaintiff's rights to due process were violated.

The Board ruled against Plaintiff, leading to his discharge. Plaintiff then applied to the ABCMR to correct his military record. However, the ABCMR failed to properly address the errors made in Plaintiff's case, which included the Army's lack of compliance with its own regulations regarding conduct of the Board and its regulations regarding Plaintiff's right to an accurate and timely copy of the record of proceedings. The ABCMR did not determine the true nature of the injustice resulting from the Army's violation of its own regulations and of Plaintiff's right to due process of law, and did not grant Plaintiff thorough and fitting relief. *Yee v. United States*, 512 F.2d 1383, 1387-88 (Ct. Cl. 1975).

This Court has the obligation and authority to review the decision of the ABCMR under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. Plaintiff's Complaint in this action is sufficient to put Defendant on fair notice of the errors in the ABCMR's decision. Moreover, the record demonstrates no disputed issue of material fact as to the Army's procedural and regulatory errors and the ABCMR's subsequent failure to correct those errors. Because the ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, it should be set aside. 5 U.S.C. § 706(2). Hence, this Court should grant Plaintiff's cross-motion for summary judgment.

## ARGUMENT

## I. PLAINTIFF SHOULD BE GRANTED SUMMARY JUDGMENT BECAUSE THE ABCMR FAILED TO ADDRESS THE BOARD'S USE OF RES JUDICATA.

Under the APA, the Court must hold unlawful and set aside agency actions, findings, and conclusions that violate 5 U.S.C. § 706(2). However, it is impossible for the Court to conduct the

requisite APA analysis if the agency fails to examine the complete record, fails to address specific arguments raised by Plaintiff in his application, or fails to explain the rationale for its decision. The ABCMR was obligated to examine the relevant data and to articulate a satisfactory explanation for its action. *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 54 (D.D.C. 2005). Yet the record in this case demonstrates that the ABCMR failed to do so, and thus the ABCMR's decision should be overturned.

A primary argument raised in Plaintiff's application objected to the Board's use of res judicata. The Army is bound to follow its own regulations, yet the Board's use of res judicata in this context violated those regulations, including Army Reg. 15-6, ¶¶ 3-6a, 3-6c, and Army Reg. 135-175, ¶ 2-27b(9).

If the ABCMR decides not to address one of Plaintiff's arguments on its merits, "it must explain why." *Calloway*, 366 F. Supp. 2d at 55. Here, however, the ABCMR did not address Plaintiff's argument on res judicata, nor did it explain why. Because the ABCMR's decision does not "reflect whether it even considered this argument, much less what weight it deserved," the decision was arbitrary and must be overturned pursuant to the APA. *Dickson v. Secretary of Defense*, 68 F.3d 1396, 1405 (D.C. Cir. 1995).

Defendant asserts that the ABCMR "clearly examined the 'relevant data' regarding Plaintiff's res judicata argument" because it was "specifically noted" and "expressly referenced" in the ABCMR's memorandum of consideration. Reply in Support of Defendant's Motion to Dismiss, in Part and for Summary Judgment and in Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def. Opp'n") at 8. In contrast to Defendant's characterization, though, the ABCMR mentioned the term res judicata only once, "[t]he board president held that the legal doctrine of 'res jujdicata' (sic) applied," and that mention was only in passing. Admin. Rec. at 69. That brief

reference is buried in the middle of the eighth of thirteen paragraphs of the "Applicant States" section of the ABCMR's memorandum of consideration, a section which merely summarizes the numerous factual allegations contained in Plaintiff's application.

The failure of the ABCMR "to respond to arguments raised by a plaintiff, which do not appear frivolous on their face and could affect the [ABCMR's] ultimate disposition, is arbitrary." *Calloway*, 366 F. Supp. 2d at 55. *See also Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997); *Mudd v. Caldera*, 26 F. Supp. 2d 113, 123 (D.D.C. 1998). If the ABCMR decided to disregard Plaintiff's argument regarding res judicata, it "must expressly indicate that it has done so" *Calloway*, 366 F. Supp. 2d at 55. The ABCMR's decision contains no such express indication.

Because the ABCMR did not address Plaintiff's res judicata argument on its merits, it was obligated to "explain why." Its failure to do so renders the decision arbitrary under the APA. *Calloway*, 366 F. Supp. 2d at 55; *Dickson*, 68 F.3d at 1405. Moreover, because the ABCMR failed to acknowledge that the Board's use of res judicata violated Army regulations, the ABCMR's decision was also contrary to law. Hence, Plaintiff's cross-motion for summary judgment should be granted.

## II. PLAINTIFF SHOULD BE GRANTED SUMMARY JUDGMENT BECAUSE THE ABCMR SUMMARILY DISMISSED TOGETHER PLAINTIFF'S CONTENTIONS OF PARTIALITY, BIAS, AND PROFESSIONAL CONDUCT VIOLATIONS.

In the second paragraph of the Discussion section of its memorandum of consideration, the ABCMR summarily dismissed Plaintiff's "contentions of partiality and bias, undue and improper command influence, professional conduct violations and the like remarks, on the part of board members" as "not supported by any evidence in the record." Admin. Rec. at 74. Yet the record in fact does include evidence of partiality, bias, undue and improper command influence, and professional conduct violations. *See* Admin. Rec. at 108-09, 110-11. *See also* Admin. Rec. at 258-

4

61. Here, the ABCMR reached a summary conclusion without articulating its analysis. Because the ABCMR failed to examine the relevant data and articulate a satisfactory explanation for its action, its decision is insufficient under the APA. *Calloway*, 366 F. Supp. 2d at 54.

Moreover, Defendant asserts that Plaintiff's contention that challenges for cause were not properly handled conflicts with the administrative record because "'[t]here was no challenge to the board.'" Def. Opp'n at 10. However, contrary to Defendant's assertion, the record demonstrates an explicit challenge for cause made after Col. McCarthy was appointed to act as both President and Legal Advisor to the Board, in violation of Army Reg. 135-175, ¶ 2-25: "This <u>blatant</u> appearance of impropriety and potential conflict of interest should unequivocally serve to mandate your recusal and for you to grant our **challenge for cause**." Admin. Rec. at 108 (bold added) (underline in original). *See* Army Reg. 15-6, ¶ 5-7. *See also* Admin. Rec. at 83, 261.

The Army is bound to follow its own regulations. *Frizelle*, 111 F.3d at 177. Moreover, violation by the Army of its own regulations "constitutes a violation of an individual's right to due process of law." *Antonuk v. United States*, 445 F.2d 592, 594 (6th Cir. 1971). Because the decision by the ABCMR failed to acknowledge that the appointment and proceedings of the Board were conducted in violation of Army Reg. 15-6 and Army Reg. 135-175, the ABCMR's decision is not in accordance with law and thus violates the APA. 5 U.S.C. § 706(2). Therefore, summary judgment should be granted for Plaintiff.

## III.  PLAINTIFF SHOULD BE GRANTED SUMMARY JUDGMENT BECAUSE THE ABCMR DID NOT ADDRESS THE ARMY'S FAILURE TO PROVIDE PLAINTIFF WITH A COPY OF THE BOARD PROCEEDINGS.

As described in Plaintiff's application to the ABCMR, as well as in pleadings filed in the case at bar, Plaintiff believes that his involuntary separation was improper and that significant procedural errors occurred in the makeup, conduct, and proceedings of the Board which prevented

the Board's hearings from being "fair and impartial." *See* Army Reg. 135-175, ¶ 2-22.a.  In order to ensure that such proceedings are fair and impartial in cases such as this, the Army has adopted specific regulations explicitly mandating that an accurate record and report of such proceedings be made, maintained, preserved, and produced to a respondent like Plaintiff. *See, e.g.,* Army Reg. 15-6, ¶¶ 3-13.a, 5-3.c, 5-10; Army Reg. 135-175, ¶¶ 2-27.b(6), 2-27.b(8), 2-35.  Such a record of proceedings constitutes the fundamental basis on which any appeal or application for correction would be based.  However, despite numerous requests by Plaintiff's counsel, Plaintiff was not provided with the record of the Board's proceedings until years after the ABCMR's final decision. Admin. Rec. at 73, 82-83; Complaint at ¶ 46.

The Army's failure to comply with its own regulatory requirements relating to record maintenance and production clearly violated Plaintiff's rights to due process.  Furthermore, such violation severely prejudiced Plaintiff.  Such prejudice is evident in the ABCMR's decision.  For example, the ABCMR concluded that Plaintiff's contentions of partiality and bias, undue and improper command influence, professional conduct violations and the like" were "not supported by any evidence in the record."  Admin. Rec. at 74.  The ABCMR further concluded that "in the absence of evidence to the contrary, it is presumed that the discharge proceedings were conducted in accordance with law and regulations."  Admin. Rec. at 74.

That last statement is particularly ironic.  The ABCMR ruled that the Army's discharge proceedings were presumed to have been conducted properly because of a lack of evidence to the contrary, and yet the very reason for that lack of evidence was the Army's own refusal to produce the record to Plaintiff.  The Army's failure to produce the complete record placed Plaintiff in the untenable position of trying to convince the ABCMR of the improper makeup, conduct, and proceedings of the Board of officers, while "the only evidence" that the ABCMR had that the Board

had ever even existed was a comment from the Army Discharge Review Board. Admin. Rec. at 73.

Because the ABCMR did not address this record argument of Plaintiff on its merits, the ABCMR was obligated to "explain why." The ABCMR's failure to explain why renders the decision arbitrary under the APA. *Calloway*, 366 F. Supp. 2d at 55; *Dickson*, 68 F.3d at 1405. Moreover, because the ABCMR failed to acknowledge that the Army's failure to maintain and produce to Plaintiff an accurate record of the Board's actions violated the Army's own regulations, the ABCMR's decision was also contrary to law. Hence, Plaintiff's cross-motion for summary judgment should be granted.

## CONCLUSION

In its treatment of Plaintiff, the Army violated its own regulations and violated Plaintiff's rights to due process. The ABCMR had a duty to correct that situation, but failed to do so. The ABCMR's decision did not address key arguments made by Plaintiff in his application and did not acknowledge that the Army had violated its own regulations concerning the Board proceedings and the maintenance and production of the record of such proceedings. The ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and thus this Court should set aside that decision under the APA. *Calloway*, 366 F. Supp. 2d at 55; *Frizelle*, 11 F.3d at 177. *See also Dickson*, 68 F.3d at 1405. Thus, since there is no genuine dispute of material fact and Plaintiff is entitled to judgment as a matter of law, Plaintiff's cross-motion for summary judgment should be granted.

Respectfully submitted,


/s/

David P. Sheldon (446039)
Law Offices of David P. Sheldon, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
Tel: (202) 546-9575
Fax: (202) 546-0135
Attorney for Plaintiff

November 13, 2006