# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

JONATHAN N. THALASINOS,          )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    Civil Action No. 05-1862 (EGS)
                                 )
FRANCIS J. HARVEY,               )
Secretary of the Army,           )
                                 )
            Defendant.           )
_____)

## MEMORANDUM OPINION

Plaintiff Jonathan Thalasinos is a former Judge Advocate General Officer in the United States Army Reserves who was discharged for larceny. He claims that the Army violated his due process rights and the Administrative Procedures Act in the proceedings that led to his discharge. Pending before the Court are the parties cross motions for summary judgment. Upon review of the motions, responses and replies thereto, applicable law, and the entire record, defendant's Motion to Dismiss, in Part, and for Summary Judgment is **granted in part and denied in part**. Plaintiff's Cross-Motion for Summary Judgment is **granted in part and denied in part**.

## I.    BACKGROUND

No material facts in this case are in dispute. *See* Def.'s Statement of Material Facts ("Def.'s Facts"); Pl.'s Resp. to Def's Statement of Material Facts (Pl.'s Resp. to Def.'s

Facts"); Pl.'s Statement of Material Facts ("Pl.'s Facts");
Def.'s Counter-Statement of Facts.

Plaintiff, a former Judge Advocate General Officer, was
appointed as a Reserve Commissioned Officer of the Army on
November 28, 1984.  Def.'s Facts ¶ 1.  He served honorably for
over 15 years prior to the incident that gave rise to this case.
Pl.'s Facts. ¶¶ 3-4.

In late July 1998, plaintiff was at Fort Huachuca in Arizona
participating in the residential phase of a military intelligence
course.  *Id*. ¶ 5; Def.'s Facts ¶ 2-3.  On July 29, 1998,
plaintiff entered the Fort Huachuca Post Exchange and removed a
small pocketknife from the shelf.  Pl.'s Facts ¶ 8.  He claims
that he was engaged in some sort of prank and not attempting to
steal anything.  *See id*. ¶¶ 6-8; Administrative Record ("A.R.")
78.  Plaintiff then placed the knife in his pocket, but he did
not leave the premises with the knife.  *Id*. ¶¶ 9-10.  A store
security officer detained plaintiff and took him to the security
office.  *Id*. ¶ 11.  Plaintiff placed the knife on top of a
television set in the security office, where it was located by
store security personnel.  Compl. ¶ 26.  He was then transported
to the Military Police station and released on personal
recognizance.  Pl.'s Facts ¶ 12.

Facing charges of larceny under Article 121 of the Uniform
Code of Military Justice ("UCMJ"), plaintiff chose to proceed

pursuant to UCMJ Article 15 rather than demanding a court-martial proceeding.[1]  Def.'s Facts ¶ 4; A.R. 61.  The Article 15 Record of Proceedings states that plaintiff "did, at Fort Huachuca, Arizona, on or about 29 July 1998, steal a Spyderco knife, of a value of $35.95, the property of the Fort Huachuca Main Exchange. This is a violation of Article 121, UCMJ."[2]  A.R. 61.

On August 7, 1998, plaintiff received nonjudicial punishment under Article 15 in the form of a Memorandum of Reprimand ("MOR") from Major General John D. Thomas, Commanding General (Regular Army), Fort Huachuca.  Pl.'s Facts ¶ 13.  The MOR states that plaintiff "attempted to depart the Main Exchange without rendering payment for a knife ($34.95)."  A.R. 60.  The MOR indicates that the initial police report "convinced [Major General Thomas] that [plaintiff] attempted to commit the . . . alleged shoplifting incident" and that plaintiff was "reprimanded for attempting to shoplift at the Main Exchange."  Id.  The MOR further indicates that it was imposed as a punitive measure under UCMJ Article 15 and would be filed as an attachment to the Record of Proceedings under Article 15.  Id.  Major General Thomas directed that the MOR be placed in the restricted, as opposed to

---

[1] Under Article 15, a commanding officer imposes punishment after reviewing evidence of an alleged offense and the accused service member does not have a trial.  See UCMJ Art. 15, 10 U.S.C. § 815.

[2] UCMJ Article 121 sets forth the elements for larceny.  See UCMJ Art. 121, 10 U.S.C. § 921.

performance, section of plaintiff's Official Military Personnel
File ("OMPF").  Pl.'s Facts ¶ 14.  Plaintiff did not appeal Major
General Thomas's finding that plaintiff was guilty of larceny.
Def.'s Facts ¶ 7.

On August 11, 1998, Brigadier General Gary Dillalo issued
plaintiff a Letter of Reprimand ("LOR") for the same incident.
Pl.'s Facts ¶ 15.  Over plaintiff's objection, Brigadier General
Dillalo placed the LOR in the performance portion of plaintiff's
OMPF.  *Id*.  On October 16, 1998, plaintiff submitted his
unqualified resignation.  Def.'s Facts ¶ 9.  In a letter
submitted shortly after submitting his resignation, plaintiff
indicated that he resigned because his "actions were not in
keeping with Army tradition."  *Id*. ¶ 10.

On August 3, 1999, after plaintiff had returned to his Army
Reserve unit at Fort Totten in New York, Major General William
Collins appointed a Board of Officers pursuant to Army
Regulations 135-175 and 15-6 to consider the involuntary
separation of the plaintiff.  Def.'s Facts ¶ 11; Pl.'s Facts
¶ 17.  Major General Collins appointed Colonel Edward McCarty to
serve as both President and Legal Advisor of the Board.  Pl.'s
Facts ¶ 18.  The other two Board members worked closely with
Major General Collins at Fort Totten.  Pl.'s Facts ¶ 19.  On
August 24, plaintiff's counsel made a request that Colonel
McCarty recuse himself from the Board because he could not fairly

4

and impartially serve the dual roles of President and Legal
Advisor.  *Id*. ¶ 20.  On September 2, 1999, Colonel McCarty
directed that a copy of his New York Judge's Review profile be
faxed to plaintiff's attorney.  *Id*. ¶ 21.  On September 22, 1999,
plaintiff's counsel made a request to Major General Collins to
recuse Colonel McCarty from the Board.  *Id*. ¶ 22.  Major General
Collins then designated Colonel McCarty to serve as Board
President only and not Legal Advisor.  *Id*. ¶ 23.  During the
Board proceedings, plaintiff contends that he attempted to
introduce evidence challenging the underlying shoplifting
incident, but the Board ruled that plaintiff could not present
such evidence because the Article 15 proceedings already
confirmed plaintiff's guilt.  *Id*. ¶¶ 24-25.

The Board of Officers recommended that plaintiff be
discharged from the service.  A.R. 257.  They further recommended
that the discharge be a General Discharge under honorable
conditions.  *Id*.  On November 7, 1999, Major General Collins
recommended approval of plaintiff's discharge.  Def.'s Facts
¶ 14.  Plaintiff was discharged effective January 13, 2000.

On January 4, 2000 and February 1, 2000, plaintiff's counsel
made written requests for a copy of the summarized record of the
Board proceedings and a copy of the tape of the hearing.  Pl.'s
Facts ¶ 30.  Plaintiff did not receive a copy of the summarized
proceedings until some point in 2005, nearly two years after the

Army Board for the Correction of Military Records ("ABCMR") made its decision.  Plaintiff still has not received a tape of the proceedings.

On June 23, 2000, plaintiff applied for correction of his military records and asked to be reinstated or, in the alternative, have his discharge upgraded to Honorable.  Def.'s Facts ¶ 16.  On May 4, 2001, the Army Discharge Review Board ("ADRB") voted 3 to 2 to upgrade plaintiff's discharge to Honorable, but unanimously upheld the discharge as proper. Def.'s Facts ¶ 17; A.R. 245.

On February 19, 2003, plaintiff submitted an application for correction of records to the ABCMR again asking to be reinstated. Def.'s Facts ¶ 21.  On October 17, 2003, the ABCMR informed plaintiff that it denied his application.  *Id.* ¶ 23.

On September 21, 2005, plaintiff filed a complaint in this Court.  The complaint contains five counts of violations of due process under the Fifth Amendment, but also includes arbitrary and capricious language from the Administrative Procedures Act ("APA").  Plaintiff's counsel mentions the Fifth Amendment once in the introduction of his cross motion for summary judgment but all of the argument is under the APA.  Therefore, it appears that plaintiff has abandoned any constitutional claims.

The complaint alleges the following violations of due process:  (1) the Board of Officers gave res judicata effect to

6

the Article 15 proceedings and failed to allow evidence on the
shoplifting incident; (2) the Board of Officers' decision to
apply res judicata resulted in an unfair and partial proceeding;
(3) the area commander failed to take action to remedy the errors
committed in the Board of Officers' proceedings; (4) the Army
Reserve wrongly used the Board proceeding as a basis for taking
adverse action against the plaintiff; and (5) the Army Reserve
failed to provide plaintiff with tapes of the Board of Officers'
proceedings and provided only a grossly incomplete summary of
proceedings.  The plaintiff also incorporates all of the facts
recounted above into each count of his complaint and indicates in
each count that the ABCMR failed to perform its duties in
reviewing the plaintiff's case.  Though the complaint is not a
model of clarity, plaintiff appears to be focused on the ABCMR
proceedings.  *See* Pl.'s Cross-Mot. for Summ. J. at 11 ("Plaintiff
acknowledges that the primary focus of his Complaint in this
matter is certainly the reasonableness of the ABCMR decision
upholding his discharge.").

## II.   STANDARD OF REVIEW

### A.   Rules 12(b)(1) and 12(b)(6)

The defendant moves to dismiss certain of the claims under
Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil
Procedure.  In resolving a Rule 12(b)(1) or Rule 12(b)(6) motion,
the Court must accept well-pleaded factual allegations as true

and draw all reasonable inferences in favor of the plaintiff. *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).

Under Rule 12(b)(1), the Court must dismiss a case when it lacks subject matter jurisdiction. *See Hunter v. Dist. of Columbia*, 384 F. Supp. 2d 257, 259 (D.D.C. 2005) ("Federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress."). The "plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Pitney Bowes*, 27 F. Supp. 2d at 19. The Court may also consider material outside the pleadings to determine whether it has jurisdiction. *Hunter*, 384 F. Supp. 2d at 260.

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1974) (holding that a court may dismiss a complaint for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

**B.   Rule 56**

The defendant and the plaintiff have filed cross motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is proper under Rule 56 if the record evidence shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When ruling on a Rule 56 motion, the Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor.  *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).

**C.   APA**

Although the plaintiff purports to raise claims for violations of due process of law under the Fifth Amendment, both parties move for summary judgment under the APA rather than based on any constitutional standards.  Plaintiff argues throughout his complaint and his cross motion for summary judgment that the ABCMR's decision to uphold his discharge was arbitrary, capricious, and unsupported by substantial evidence.  In contrast, he makes no legal argument applying a due process standard.  This Court, therefore, analyzes the motions under the APA standard.

When undertaking review of a military correction board decision pursuant to the APA, the Court will defer to the decision of the military correction board unless the board's decision is "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997). The final decisions of military correction boards are viewed under "an unusually deferential application of the 'arbitrary and capricious' standard." *Kreis v. Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). A party seeking judicial review of a board's decision must overcome "the strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Frizelle*, 111 F.3d at 177 (internal quotation marks and citations omitted). The Court need only find that the decision of the military correction board "minimally contains a rational connection between the facts found and the choice made." *Id*. at 176 (internal quotation marks and citations omitted); *see also Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) ("A reviewing court will 'uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned.'" (quoting *Bowman Transp., Inc. v. Arkansas-Best Motor Freight System*, 419 U.S. 281, 286 (1974)).

Even under this highly deferential standard, a plaintiff can establish that a military correction board's decision-making

10

process was arbitrary and in violation of the APA if the board did not consider or respond to arguments made by the plaintiff that do not appear "frivolous on their face and could affect the Board's ultimate disposition." *Frizelle*, 111 F.3d at 177; *see also Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005) ("[A]n agency action is arbitrary and capricious if the agency . . . has entirely failed to consider an important aspect of the case presented."); *id.* at 55 ("[A]lthough the [ABCMR] need not consider each of the plaintiff's arguments on its merits, if it decides not to address these arguments, it must explain why.") (internal quotation marks and citation omitted).

## III. DISCUSSION

### A.    Motion to Dismiss Under 12(b)(1)

Defendant argues that any challenge to the original decision of the Board of Officers should be dismissed because the Court lacks subject matter jurisdiction over these claims. *See* Def.'s Mot. to Dismiss, in Part, and for Summ. J. (Def.'s Mot. for Summ. J.") at 6-8. Specifically, defendant argues that plaintiff's complaint is barred by the statute of limitations because it was not filed within six years of when the claim first accrued. *See* 28 U.S.C. § 2401(a) (providing that every civil action commenced against the United States must be filed within six years after the right of action first accrues). Defendant contends that the claims first accrued on November 7, 1999 when the Board of

Officers' decision was complete and approved by Major General
Collins.  This means that, under defendant's interpretation of
when the claims accrued,[3] plaintiff had to file his complaint on
or before November 7, 2005.  The complaint was filed on September
21, 2005, so there is no statute of limitations bar.
Accordingly, defendant's motion to dismiss claims challenging
plaintiff's 1999 Board of Officers proceedings on statute of
limitations grounds is denied.

###    B.    Motion to Dismiss Under 12(b)(6)

Defendant also argues that this Court should find
nonjusticiable plaintiff's request to "[d]eclare null and void
the Army Reserve's decision to involuntarily separate Plaintiff."
Compl. at 14; Def.'s Mot. for Summ. J. at 9.

Judges "are not given the task of running the Army."  *Orloff
v. Willoughby*, 345 U.S. 83, 93 (1953).  "The Constitution vests
'the complex, subtle, and professional decisions as to
composition, training, equipping, and control of a military
force' exclusively in the legislative and executive branches."
*Kreis*, 866 F.2d at 1511 (quoting *Gilligan v. Morgan*, 413 U.S. 1,
10 (1973)).  In *Kreis*, the D.C. Circuit held nonjusticiable a

---

[3] Plaintiff argues that the claims accrued upon his
discharge on January 13, 2000 and not when the Board of Officer's
decision became final.  Pl.'s Cross-Mot. for Summ. J. at 10.  The
Court need not reach the issue of when the cause of action
accrued because even if the Court uses defendant's earlier date,
the claims are not barred by the statute of limitations.

serviceman's claim for retroactive promotion but held justiciable his "more modest request" to review "the reasonableness" of the military correction board decision pursuant to the APA. *Id*. The district court is only tasked with determining "whether the Secretary's decision making process was deficient, not whether his decision was correct." *Id.*; *see also Piersall v. Winter*, 435 F.3d 319, 322 (D.C. Cir. 2006) (reaffirming decision in *Kreis* that the decision of the correction board is what is reviewable and not the underlying action). Accordingly, defendant's motion to dismiss is granted to the extent that plaintiff seeks reinstatement as opposed to just challenging the decision making process of the ABCMR.

**C.    Challenge to ABCMR Decision under the APA**

The ABCMR is tasked with reviewing "all applications that are properly before them to determine the existence of error or injustice." 32 C.F.R. § 581.3(b)(4)(i). If the ABCMR is persuaded that a "material error or injustice exists, and that sufficient evidence exists on the record," it will "direct or recommend changes in military records to correct the error or injustice." § 581.3(b)(4)(ii).

Plaintiff raises four arguments of alleged error by the ABCMR in support of his cross motion for summary judgment. The Court will address each in turn.

First, plaintiff argues that the ABCMR erroneously found that the nonjudicial punishment proceedings support the conclusion that plaintiff committed rather than attempted larceny. Pl.'s Cross-Mot. for Summ. J. at 14. The ABCMR's Memorandum of Consideration notes that the "record of the applicant's nonjudicial punishment indicates that the applicant committed larceny." A.R. 74. The Memorandum further notes that the "Commanding General of Fort Huachuca, in administering that punishment and in issuing the ensuing letter of reprimand, clearly believed that the applicant stole a knife from the Fort Huachuca post exchange." *Id.* Plaintiff argues that a brief glance at the record of the Article 15 proceedings contradicts this finding by the ABCMR. Specifically, plaintiff points out that the MOR issued by Major General Thomas did not conclude that plaintiff committed larceny. Pl.'s Cross-Mot. for Summ. J. at 14. Rather, it concluded only that plaintiff "attempted to commit the above shoplifting incident" and was reprimanded for "attempting to shoplift." *Id.* (citing MOR, A.R. 229).

Given the highly deferential standard accorded military correction board decisions, the Court does not conclude that the Board's reliance on the Article 15 proceedings to find that plaintiff committed larceny was arbitrary and capricious or not supported by evidence in the record. The Record of Proceedings Under Article 15, UCMJ notes that plaintiff "did at Fort

14

Huachuca, Arizona, on or about 29 July 1998, steal a Spyderco knife, of a value of $34.95, the property of the Fort Huachuca Main Exchange. This is a violation of Article 121, UCMJ." A.R. 61, 228. Article 121 of the UCMJ sets forth the crime of larceny, not attempted larceny. *See* 10 U.S.C. § 921. Attempt crimes are governed by UCMJ Article 80. *See* 10 U.S.C. § 880. Moreover, the Record of Proceedings notes that Major General Thomas will not impose a punishment unless he is "convinced beyond a reasonable doubt that [plaintiff] committed the offense(s)." A.R. 61. By imposing a punishment of reprimand, this indicates that Major General Thomas did find plaintiff guilty of larceny. *See* A.R. 61, 228. The statements relied on by plaintiff in the MOR are not statements of the offense. Given this record, the Court concludes that there is "a rational connection between the facts found and the choice made." *Frizelle*, 111 F.3d at 176.

Second, plaintiff argues that the ABCMR's decision was flawed because it failed to address plaintiff's complaint that the Board of Officers unlawfully applied the doctrine of res judicata. In his Application for Correction of Military Record, the plaintiff argues that the Board President held that the doctrine of res judicata applied and the Board "collaterally estopped the defense from arguing and placing appropriate facts on the record as to the alleged shoplifting incident." A.R. 84.

15

Plaintiff argues that the ABCMR decision does not reflect whether it even considered the res judicata argument. Pl.'s Cross-Mot. for Summ. J. at 14. Plaintiff further argues that if the ABCMR chooses not to address an argument on the merits, "it must explain why." Pl.'s Reply at 3 (quoting *Calloway*, 366 F. Supp. 2d at 55). Defendant counters that the ABCMR clearly examined the "'relevant data'" regarding plaintiff's res judicata argument and "articulated a 'satisfactory explanation'" for determining that the Board of Officers properly found that plaintiff committed larceny. Def.'s Reply at 8 (quoting *Calloway*, 366 F. Supp. 2d at 54). Specifically, the ABCMR commented on the sufficiency of the Article 15 proceedings to determine that the plaintiff did commit larceny. *Id.* at 9. Defendant further argues that even if plaintiff was estopped from presenting evidence before the Board of Officers, he could have presented any evidence he had to the ABCMR. *Id.*

Even if the ABCMR's decision in this case is not a model of clarity, its path may be reasonably discerned. The Memorandum of Consideration notes in the "Applicant States" section that during the Board of Officer proceedings, "[t]he board president held that the legal doctrine of 'res judicata' applied, adhering to the commanding general's (of Fort Huachuca) premise that a determination of misconduct had already been made." A.R. 69. Plaintiff argues that this is not sufficient to show that the

16

ABCMR considered plaintiff's res judicata argument.  Pl.'s Reply at 3-4.  However, the ABCMR also details in the "Evidence of Record" section of its Memorandum all the evidence presented by plaintiff explaining his version of the alleged shoplifting and all of the record evidence surrounding the Article 15 proceeding. A.R. 71-73.  Finally, in the "Discussion" section of its Memorandum, the ABCMR notes, as discussed above, that the record evidence from the Article 15 proceedings indicates that plaintiff committed larceny.  A.R. 74.  The ABCMR also notes that the "applicant alone makes reference to the incident as a prank, and not a larceny."  *Id*.  The ABCMR further points out that plaintiff did not have to accept his nonjudicial punishment and could have instead sought a trial by court martial where he could have proved his innocence.  *Id*.

Although the ABCMR does not use the words "res judicata" in its discussion section, the ABCMR's Memorandum suggests that it did consider the res judicata argument.  However, the ABCMR reached the same conclusion as the Board -- the Article 15 proceedings conclusively establish that plaintiff committed the larceny offense.  Even if the Court were to find that the ABCMR did not directly address plaintiff's res judicata argument on the merits, the ABCMR has articulated a satisfactory explanation for not considering that argument by making its own determination about the weight of the Article 15 proceedings.

17

Third, plaintiff objects to the fact that the ABCMR addressed together, rather than independently, plaintiff's claims of partiality, bias, undue and improper influence, and professional conduct violations. Pl.'s Cross-Mot. for Summ. J. at 16. Plaintiff argues that the ABCMR conflated all of these claims into one paragraph and dismissed them without analysis and that such dismissal violates the APA. *Id.* Plaintiff also argues that his attorneys made challenges for cause but the Board of Officers failed to properly address those challenges as required by Army Regulations 15-6 and 135-75. *Id.* In his application to the ABCMR, plaintiff alleges that the President of the Board of Officers (McCarty) had been challenged for cause in letters from plaintiff's counsel but spoke at the hearing for all members saying there was no basis to challenge for cause. A.R. 83. Plaintiff argues that this violated Army Regulation 137-175 ¶ 2-25c(3)(f), which states that a voting member is subject to challenge for cause and the challenge "will be determined by the senior unchallenged member of the board." Plaintiff further argues that because the ABCMR failed to acknowledge that the Board of Officers did not follow Army regulations when conducting its hearings, the ABCMR's decision is not in accordance with the law. Pl.'s Cross-Mot. for Summ. J. at 16.

The ABCMR found that plaintiff's arguments on partiality, bias, and undue influence were "not supported by any evidence in

the record or any evidence submitted by the applicant." A.R. 74.
The ABCMR also concluded that plaintiff's contentions had no
basis in fact and that, notwithstanding his arguments, "in the
absence of evidence to the contrary, it is presumed that the
discharge proceedings were conducted in accordance with the laws
and regulations applicable at the time." *Id*. Based on this
language from the ABCMR, the defendant argues that the ABCMR
addressed plaintiff's arguments on partiality, bias and undue
influence, and the ABCMR's explanation is sufficient to survive a
challenge. Def.'s Reply at 9-10. Defendant reminds that Court
that the ABCMR's explanation does not have to be "a model of
analytic precision to survive challenge." Def.'s Reply at 8
(quoting *Dickson*, 68 F.3d at 1404).

While the ABCMR's decision might be correct under normal
circumstances where the plaintiff had full access to the record
of the prior hearings and could fully present his case, the
decision is troubling in light of plaintiff's fourth argument in
his motion for summary judgment. Plaintiff argues that the ABCMR
did not address the Army's failure to provide plaintiff with a
summary or tape of the Board of Officers proceedings. Pl.'s
Cross-Mot. for Summ. J. at 16-18. Army regulations mandate that
the respondent in separation of officers proceedings "will be
given a copy of the proceedings, less classified documents, if
requested." Army Reg. 135-175 ¶ 2-27b(8). In this case, neither

plaintiff nor his counsel was provided with even a summary of the Board proceedings until two years after the ABCMR decision and neither has ever received a tape of the proceedings.

In the "Evidence of Record" section of its Memorandum of Consideration, the ABCMR notes that demands were made by plaintiff's counsel on January 4, 2000 and again on February 1, 2000 for a copy of the summarized record of proceedings and a copy of the tapes of the proceedings from the Board of Officers hearings for the purpose of appealing the Board's decision. A.R. 73. The ABCMR also acknowledges that the "involuntary separation board proceedings are not available." A.R. 73. Plaintiff argues that the ABCMR's decision violated the APA when it ruled against plaintiff for lack of evidence, "yet the key missing evidence stemmed from the missing record of the Board proceedings which Plaintiff had repeatedly requested but was not provided." Pl.'s Cross-Mot. for Summ. J. at 17.

Defendant counters that plaintiff's argument about the lack of records is moot because he now has the records. Def.'s Reply at 10. Defendant further argues that the ABCMR only corrects military records and had no authority to grant plaintiff any relief based on his argument that he was not provided summarized records. *Id.* Defendant points out that the burden of producing evidence lies with the applicant. *Id.*; *see also Calloway*, 366 F. Supp. 2d at 53 ("The plaintiff bears the burden of establishing

20

by 'cogent and clearly convincing evidence' that the decision was
the result of a material error or injustice."). Finally,
defendant notes that plaintiff could have filed a request for
reconsideration based on new evidence once he obtained the
summarized record of proceedings. Def.'s Reply at 10-11.
However, defendants are not correct because requests for
reconsideration must be made within one year after the initial
decision, *see* 32 C.F.R. § 581.3(g)(4)(i), and plaintiff did not
receive the record of the Board of Officers proceedings until
almost two years after the initial decision of the ABCMR.

The ABCMR did not address the lack of record evidence on the
merits. Instead, it just found that plaintiff had not made his
case because of a lack of evidence. This inability to obtain
records is not a frivolous argument made by the plaintiff and is
an important aspect of plaintiff's case. The ABCMR has failed to
adequately explain why it did not reach plaintiff's argument
regarding a lack of records, especially because a major basis of
the ABCMR's decision was that plaintiff failed to submit
sufficient evidence to support his claims.

In this case, the Court cannot determine whether the ABCMR's
decision making process was deficient because it cannot fully
understand what the process was. It is not clear that the ABCMR
examined the relevant data in this case since it did not examine
the record of the Board of Officer proceedings. Moreover, the

21

ABCMR has failed to provide any explanation for failing to consider plaintiff's arguments that he was denied access to this crucial evidence and that the Board did not follow procedure in dealing with his challenge for cause. Absent any discussion by the ABCMR, the Court cannot conclude that these alleged failures to adhere to Army regulations were trivial to the ultimate determination. Had the ABCMR conclusively found that plaintiff's discharge should be upheld despite the violations of regulations and articulated why, the Court might have been able to find that the decision did not violate the APA. Because of the flaws in procedure before the ABCMR, this case is remanded to the Secretary of the Army for further proceedings consistent with this Memorandum Opinion.

**IV. CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss, in Part, and for Summary Judgment is **granted in part and denied in part**. Plaintiff's Cross-Motion for Summary Judgment is **granted in part and denied in part**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 27, 2007**

22